**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MISSOURI**

**SIERRA ZAGARRI LLC,**
**d/b/a GRANDMA'S PLAYROOM,**

Plaintiff,

v.

**CAROLYN'S CREATIVE CLASSROOM LLC,**
a Florida limited liability company,

Serve: Carolyn Hacker
1601 Dora Ave South
Lehigh Acres, FL 33976

Defendant.

**Case No.:**

## COMPLAINT FOR DECLARATORY JUDGMENT, INJUNCTIVE RELIEF, DAMAGES, AND ATTORNEYS' FEES

Plaintiff Sierra Zagarri LLC, doing business as Grandma's Playroom ("Plaintiff" or "Grandma's Playroom"), by and through undersigned counsel, for its Complaint against Defendant Carolyn's Creative Classroom LLC ("Defendant"), states as follows:

## NATURE OF THE ACTION

1. This action arises from Defendant's efforts to assert exclusive trademark and copyright rights over the phrase "yuck bucket" and to prevent Plaintiff from using that phrase in its ordinary, descriptive sense.
2. Plaintiff disputes Defendant's asserted exclusive rights in the phrase YUCK BUCKET, including the validity, scope, and enforceability of Defendant's federal trademark registration. Plaintiff intends to challenge that registration through a separate proceeding before the Trademark Trial and Appeal Board ("TTAB") and may seek cancellation in

this action if procedurally appropriate. Plaintiff does not presently request cancellation of the registration in this Complaint.

3. Since at least May 8, 2019, Plaintiff has used the phrase "yuck bucket" to describe an actual bucket at its children's play facility into which dirty, mouthed, contaminated, or otherwise unsanitary toys are placed pending cleaning and sanitization.
4. Plaintiff's use is ordinary descriptive language. It identifies the function of a physical container rather than the commercial source of any goods or services.
5. Defendant claims ownership of United States Trademark Registration No. 6,770,397 for YUCK BUCKET, covering certain educational publications and downloadable educational materials. Exhibit A.
6. Defendant has asserted that its registration prohibits Plaintiff from using the phrase to describe its own cleaning and sanitization procedures.
7. Defendant demanded that Plaintiff cease or restrict its use of the phrase and demanded payment of $75,000.
8. Plaintiff rejected those demands, explaining that its use predates Defendant's claimed first use, is descriptive rather than trademark use, and does not infringe any enforceable rights Defendant may possess.
9. Rather than limiting the dispute to a legitimate disagreement over trademark rights, Defendant, directly or through its manager or representative, subsequently submitted trademark infringement complaints to TikTok concerning Plaintiff's original videos.
10. Those videos depict or discuss Plaintiff's own yuck bucket and its use in collecting yucky toys awaiting sanitization.

11. Plaintiff did not reproduce Defendant's educational books, illustrations, graphics, worksheets, or other protected expressive materials in the videos at issue.
12. Nevertheless, TikTok removed at least one of Plaintiff's videos following the trademark complaints and issued strikes or warnings affecting Plaintiff's account.
13. Defendant's trademark complaints have therefore caused consequences beyond the initial trademark demand, including removal of Plaintiff's original content and interference with its ability to communicate with customers.
14. A federal trademark registration does not automatically prohibit ordinary descriptive uses of the registered wording.
15. Moreover, the validity of Defendant's trademark registration is independently disputed. The registration's prosecution history raises substantial questions concerning whether YUCK BUCKET functioned as a trademark for the identified goods and whether qualifying use in commerce existed when the use-based application was filed.
16. Plaintiff is pursuing a judicial declaration concerning its own use and the trademark allegations, independently of the outcome of any administrative cancellation proceeding.
17. Plaintiff seeks a declaration that its challenged use does not infringe Defendant's asserted trademark rights, including because the use is descriptive, made otherwise than as a mark, and made in good faith.
18. Plaintiff also seeks a declaration that its original videos do not infringe Defendant's asserted trademark rights, together with relief for any knowing material misrepresentations made in connection with trademark takedown notices.
19. An actual, immediate, and continuing controversy exists between the parties. Without judicial relief, Plaintiff remains subject to Defendant's infringement accusations,

threatened enforcement, and further interference with its social media content and business operations.

20. Plaintiff brings this action pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, seeking a judicial determination that its challenged uses do not infringe Defendant's asserted trademark rights.

21. Plaintiff further seeks declaratory relief under 28 U.S.C. §§ 2201–2202 establishing that its use of the phrase "yuck bucket" does not constitute trademark infringement under the Lanham Act, 15 U.S.C. §§ 1114 and 1125(a), including because such use constitutes lawful descriptive fair use under 15 U.S.C. § 1115(b)(4); appropriate equitable and supplemental relief protecting Plaintiff's adjudicated lawful uses from further improper trademark infringement complaints and takedown attempts; and an award of attorneys' fees and costs to the extent authorized by 15 U.S.C. § 1117(a) and other applicable law.

## PARTIES

22. Plaintiff Sierra Zagarri LLC is a limited liability company organized under the laws of Missouri, with its principal place of business in St. Louis, Missouri.
23. Plaintiff operates under the trade name Grandma's Playroom.
24. Grandma's Playroom provides an indoor play environment for children and maintains cleaning and sanitization procedures intended to reduce the spread of germs.
25. Defendant Carolyn's Creative Classroom LLC is a Florida limited liability company.
26. Defendant maintains an address at 1601 Dora Ave South, Lehigh Acres, Florida 33976.
27. Upon information and belief, Carolyn M. Hacker is Defendant's manager and has acted on Defendant's behalf in connection with its YUCK BUCKET products, trademark enforcement efforts, and related intellectual-property complaints.

28. At all relevant times, Hacker communicated with Plaintiff or its counsel concerning Defendant's claimed rights and submitted or caused to be submitted intellectual-property complaints concerning Plaintiff's social media content.

**JURISDICTION AND VENUE**

29. This action arises under the Lanham Act, 15 U.S.C. §§ 1051 et seq and the Declaratory Judgment Act, 28 U.S.C. §§ 2201–2202.

30. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a), and 15 U.S.C. § 1121.

31. This Court has authority to declare the rights and legal relations of the parties under 28 U.S.C. §§ 2201 and 2202.

32. Plaintiff operates Grandma's Playroom in the Eastern District of Missouri and has used the phrase "yuck bucket" in connection with its cleaning and sanitization procedures since at least May 8, 2019[1]. Exhibit F.

33. Defendant is a Florida limited liability company that has affirmatively asserted intellectual-property rights against Plaintiff concerning Plaintiff's activities within Missouri.

34. Defendant directed infringement allegations and demands to Plaintiff in Missouri, including a demand for payment of $75,000 and restrictions on Plaintiff's continued use of the phrase "yuck bucket."

---

[1] Although Plaintiff acquired Grandma's Playroom in June 2020, the business had used the phrase "yuck bucket" since at least 2019 under its prior ownership. Plaintiff's acquisition included the business's assets, social media accounts, trademarks, and associated goodwill. Plaintiff continued operating the business and using the phrase following the acquisition. Accordingly, Plaintiff's reference to use dating back to 2019 includes the continuous use of the phrase by its predecessor in interest.

35. Defendant knew that Plaintiff operated its business in Missouri and that the challenged conduct occurred at Plaintiff's Missouri facility.

36. Defendant, directly or through its manager or authorized representative, also submitted trademark infringement complaints concerning Plaintiff's original social media videos depicting its Missouri business operations.

37. Those complaints resulted in the removal of at least one video and restrictions or warnings affecting Plaintiff's social media account.

38. Upon information and belief, Defendant knowingly directed its enforcement activities toward Plaintiff's Missouri business, seeking to restrict Plaintiff's conduct within this District.

39. Plaintiff has suffered business disruption, incurred expenses, and experienced interference with its ability to communicate with customers in Missouri as a result of Defendant's conduct.

40. Plaintiff alleges that Defendant purposefully directed the enforcement activities giving rise to this action toward Plaintiff in Missouri and that Plaintiff's claims arise from or relate to those activities.

41. Plaintiff alleges that the Court may exercise specific personal jurisdiction over Defendant consistent with Missouri's long-arm statute, Mo. Rev. Stat. § 506.500, and the Due Process Clause of the Fourteenth Amendment.

42. Venue is proper in the Eastern District of Missouri pursuant to 28 U.S.C. § 1391(b)(2) because Plaintiff alleges that a substantial part of the events giving rise to its claims, including the challenged descriptive use and the effects of Defendant's enforcement activities, occurred within this District.

43. This action is properly assigned to the Eastern Division because Plaintiff operates its business within the Eastern Division and Defendant is not a resident of this District.

44. An actual and continuing controversy exists between the parties concerning Plaintiff's descriptive use of "yuck bucket," Defendant's trademark infringement allegations, and the trademark complaints directed at Plaintiff's original content. The requested declarations will resolve the parties' existing dispute concerning Plaintiff's identified conduct.

## FACTUAL ALLEGATIONS

### A. Plaintiff's Business and Descriptive Use of "Yuck Bucket"

45. Plaintiff operates Grandma's Playroom, a children's indoor play facility.

46. The facility provides toys, play equipment, and other items used by children during their visits.

47. Because children frequently place toys and other objects in their mouths or otherwise contaminate them during play, Plaintiff maintains procedures for identifying and sanitizing those items.

48. As part of those procedures, Plaintiff maintains a bucket into which toys requiring cleaning are placed.

49. Plaintiff and its staff refer to that container as the "yuck bucket."

50. The phrase describes what the bucket contains and why the bucket is used.

51. Plaintiff has used the phrase in this manner since at least 2019.

52. Plaintiff's use began before Defendant's claimed May 13, 2020 first-use date.

53. Plaintiff does not use YUCK BUCKET as the name of a line of educational publications or downloadable course materials.

54. Plaintiff does not use the phrase to identify Defendant, to suggest an affiliation with Defendant, or to represent that Defendant sponsors or approves Plaintiff's business.
55. Plaintiff's use is not intended to identify the commercial source of goods or services.
56. Instead, Plaintiff uses the phrase in its ordinary descriptive sense to identify a bucket containing items that need to be cleaned.
57. Plaintiff has also used the phrase in original social media videos demonstrating or discussing its cleaning and sanitization practices.
58. Those videos concern Plaintiff's own business operations and its own physical container.
59. Plaintiff intends to continue using the phrase in this descriptive manner in its facility, communications, and original educational or informational content.

**B. Defendant's Claimed Trademark Rights**

60. Defendant claims ownership of United States Trademark Registration No. 6,770,397 for the standard-character mark YUCK BUCKET. Exhibit A.
61. The Registration identifies downloadable educational course materials in the fields of health, wellness, cleanliness, and personal hygiene in International Class 009.
62. The Registration also identifies educational publications, including learning cards, flash cards, activity cards, workbooks, textbooks, activity books, story books, puzzle books, printed puzzles, teacher guides, manuals, posters, and educational booklets in the fields of health, wellness, cleanliness, and personal hygiene in International Class 016.
63. Defendant filed the underlying application, Serial No. 88914222, on May 13, 2020.
64. Defendant filed the application under Section 1(a) of the Lanham Act, claiming that YUCK BUCKET was already in use in commerce.
65. Defendant claimed May 13, 2020 as both the date of first use anywhere and the date of first use in commerce.

66. The Registration issued on June 28, 2022.

67. The validity, scope, and enforceability of the Registration are disputed.

68. During prosecution, the USPTO questioned whether Defendant's specimens established trademark use and expressly raised concerns that YUCK BUCKET appeared to be the title of a single creative work.

69. Defendant responded by submitting website listings for a book, educational materials, and stickers, while maintaining its claimed May 13, 2020 use dates.

70. Defendant's public statements concerning the introduction and shipment of its books and stickers raise additional questions about whether qualifying trademark use existed when the application was filed.

71. Plaintiff intends to challenge the Registration through a separate TTAB cancellation proceeding based on grounds including failure to function as a trademark, nonuse, and alleged fraudulent procurement, to the extent supported by the evidence.

72. The existence of the Registration does not resolve whether Plaintiff's particular descriptive conduct constitutes infringement.

73. Even assuming arguendo that Defendant possesses a valid and enforceable trademark for some or all of the registered goods, Defendant's rights do not extend automatically to every descriptive use of the words "yuck bucket."

74. Plaintiff disputes Defendant's assertion that its registration authorizes Defendant to control Plaintiff's use of those words to identify a physical container for dirty toys.

**C. Widespread Descriptive Use by Third Parties**

75. The phrase "yuck bucket" has been used descriptively by persons and businesses other than Defendant.

76. Plaintiff has identified at least fourteen examples of third-party use of the phrase. Exhibit B.

77. These examples include uses referring to containers for dirty, contaminated, or otherwise undesirable items, including toys awaiting cleaning.

78. Such uses reflect the ordinary descriptive significance of the words in contexts involving cleanliness and sanitation.

79. Plaintiff's own use is consistent with that ordinary meaning.

80. Upon information and belief, Defendant is aware that other persons and businesses use the phrase descriptively.

81. Nevertheless, Defendant has asserted that its trademark registration confers broad exclusive rights in the wording itself.

**D. Defendant's Infringement Accusations and Monetary Demand**

82. Defendant contacted Plaintiff and asserted that Plaintiff's use of "yuck bucket" infringed Defendant's asserted trademark rights. Exhibit C.

83. Defendant relied upon its federal trademark registration in support of those accusations.

84. Defendant demanded that Plaintiff cease or restrict its continued use of the phrase.

85. Defendant also demanded payment of $75,000.

86. Defendant's demands were not limited to preventing Plaintiff from selling competing educational publications bearing Defendant's alleged mark.

87. Rather, Defendant sought to restrict Plaintiff's ordinary descriptive use of the phrase in connection with a physical bucket used at Plaintiff's play facility.

88. Plaintiff, through counsel, rejected Defendant's infringement allegations.

89. Plaintiff explained that it had used the phrase descriptively since at least 2019, before Defendant's claimed first use.

90. Plaintiff further explained that its use did not identify the source of educational goods and was not intended to suggest an affiliation with Defendant.

91. Plaintiff disputed Defendant's interpretation of the scope of its trademark rights.

92. Defendant's demands created a concrete dispute concerning Plaintiff's ability to continue its ordinary business practices and publish content concerning those practices.

**E. Trademark Complaints Directed at Plaintiff's Original Videos**

93. Following the trademark dispute, trademark infringement complaints were submitted to TikTok concerning Plaintiff's original videos. Exhibit D.

94. The challenged videos showed or discussed Plaintiff's use of its own yuck bucket and its cleaning and sanitization procedures.

95. Plaintiff created the challenged content independently.

96. Plaintiff did not reproduce Defendant's educational story book, instructional worksheets, illustrated characters, original artwork, or other protectable expressive content in the challenged videos.

97. Plaintiff's use of the phrase "yuck bucket" did not constitute trademark infringement.

98. TikTok's notices identified Carolyn M. Hacker as the trademark claimant or reporting party.

99. Upon information and belief, Hacker submitted the complaints on Defendant's behalf, in connection with Defendant's efforts to enforce its asserted YUCK BUCKET rights.

100. Upon information and belief, the trademark complaints were based, in material part, on Plaintiff's use of the words "yuck bucket" rather than the unauthorized reproduction of Defendant's protectable expression or trademark.

101. At least one of Plaintiff's videos was removed from TikTok following the complaints.

102. Plaintiff also received strikes, warnings, or other notices threatening restrictions on its account.

103. Plaintiff disputes the trademark infringement allegations submitted to TikTok.

104. The complaints and resulting takedown activity create an ongoing controversy concerning Plaintiff's right to restore, maintain, and republish its original content.

105. The removal and strikes interfered with Plaintiff's ability to publish and maintain its original content.

106. Plaintiff was required to devote time and resources to reviewing the complaints, responding to the platform, and protecting its account.

107. Plaintiff also incurred legal expenses in addressing Defendant's allegations and their consequences.

**F. Defendant's Enforcement Efforts Against Others**

108. Upon information and belief, Defendant has asserted exclusive rights in YUCK BUCKET against other persons or businesses using the phrase.

109. Defendant's enforcement activity is not limited to persons selling copies of Defendant's educational materials.

110. Upon information and belief, Defendant has sought to prevent uses of the phrase that describe ordinary sanitation practices or containers used for dirty items.

111. These enforcement efforts are relevant to the scope of the rights Defendant claims and the continuing threat to Plaintiff's own descriptive use.

112. Plaintiff reasonably anticipates that Defendant will continue asserting infringement unless the parties' rights are judicially determined.

**G. Defendant's Public Statements Concerning Ownership of the Phrase**

113. Defendant has made public statements asserting ownership of the name YUCK BUCKET.

114. In a Facebook post, Defendant stated that it owned the name by virtue of having a trademark registration. Exhibit E.

115. Defendant's public statements indicate that it views its registration as conferring exclusive rights in the phrase itself.

116. Defendant's interpretation is broader than the rights conferred by trademark law, which protects qualifying source-identifying uses subject to statutory limitations and defenses.

117. The statements are consistent with Defendant's demands that Plaintiff discontinue its descriptive use.

118. They also support Plaintiff's reasonable concern that Defendant will continue pursuing enforcement against Plaintiff and others.

**H. Harm to Plaintiff and Continuing Controversy**

119. Defendant's accusations and enforcement activities have caused Plaintiff to incur legal expenses and devote substantial time to responding to the dispute.

120. Plaintiff's owner has spent several hours addressing the accusations, reviewing takedown notices, and attempting to preserve Plaintiff's ability to publish its original content.

121. Defendant's complaints resulted in the removal of at least one video and threatened further restrictions on Plaintiff's TikTok account.

122. Plaintiff has experienced disruption to its business activities and communications.

123. Plaintiff reasonably fears additional infringement complaints and takedown attempts if it continues using the phrase descriptively.

124. Plaintiff intends to continue using the phrase "yuck bucket" to describe the container and its function.

125. Plaintiff also intends to maintain and publish original content discussing its cleaning and sanitization practices.

126. Defendant has not withdrawn its infringement allegations or provided assurances that it will refrain from further enforcement concerning the challenged uses.

127. An actual and continuing controversy therefore exists.

128. A judicial declaration will clarify Plaintiff's rights and resolve the parties' dispute concerning Plaintiff's identified conduct.

**COUNT I — DECLARATORY JUDGMENT OF TRADEMARK NON-INFRINGEMENT AND DESCRIPTIVE FAIR USE**

*28 .S.C. §§ 2201–2202; 15 U.S.C. §§ 1114, 1115(b)(4), and 1125(a)*

129. Plaintiff incorporates paragraphs 1 through 128 as though fully set forth herein.

137. Defendant has accused Plaintiff of infringing the YUCK BUCKET trademark and has demanded substantial monetary payment and restrictions on Plaintiff's continued use.

138. Plaintiff disputes the validity, scope, and enforceability of Defendant's asserted trademark rights.

139. Independently of those disputes, Plaintiff's challenged use of "yuck bucket" does not constitute trademark infringement.

140. Plaintiff uses the phrase to describe a physical container into which dirty or contaminated toys are placed before sanitization.

141. Plaintiff's use is made otherwise than as a trademark.

142. Plaintiff's use is descriptive of the container and its purpose.

143. Plaintiff has used the phrase in good faith, without attempting to trade upon Defendant's reputation or suggest affiliation with Defendant.

144. Plaintiff began using the phrase descriptively in or before 2019, before Defendant's claimed first use.

145. Plaintiff does not use the phrase to identify educational publications or downloadable educational materials originating from Defendant.

146. Plaintiff's use is not likely to cause consumers to believe that Plaintiff's play facility or original social media videos are sponsored, approved, or produced by Defendant.

147. Plaintiff's conduct constitutes descriptive fair use under 15 U.S.C. § 1115(b)(4), to the extent that provision applies to Defendant's asserted registration.

148. The availability of descriptive fair use does not depend upon Plaintiff establishing that Defendant's registration is invalid.

149. Plaintiff is entitled to a declaration that its identified descriptive uses do not infringe Defendant's asserted trademark rights under 15 U.S.C. §§ 1114 or 1125(a).

150. Plaintiff further seeks a declaration that Defendant cannot prohibit Plaintiff's identified good-faith descriptive uses merely by invoking Registration No. 6,770,397.

151. An actual controversy exists because Defendant has demanded payment, asserted infringement, and threatened Plaintiff's continued use.

**WHEREFORE**, Plaintiff requests entry of declaratory judgment that its identified uses of the phrase "yuck bucket" constitute noninfringing descriptive uses, including fair use under 15 U.S.C. § 1115(b)(4), and such additional relief as the Court deems appropriate.

**COUNT II — REQUEST FOR DECLARATORY AND EQUITABLE RELIEF**
*28 U.S.C. §§ 2201–2202*

179. Plaintiff incorporates paragraphs 1 through 128 as though fully set forth herein.

180. Plaintiff requests supplemental relief under 28 U.S.C. § 2202 as may be necessary to give effect to the Court's declarations.

181. Defendant's enforcement activities have already caused removal of Plaintiff's original content and threatened additional restrictions on its account.

182. Plaintiff reasonably anticipates further complaints concerning the same descriptive uses unless the parties' rights are clarified.

183. Plaintiff seeks relief narrowly tailored to the particular uses and content adjudicated by this Court.

184. Plaintiff does not request an order prohibiting Defendant from submitting legitimate infringement complaints concerning actual unauthorized copying or infringement.

185. Rather, Plaintiff seeks an order, to the extent authorized by law and supported by the evidence, preventing Defendant from knowingly submitting materially false infringement complaints concerning Plaintiff's uses specifically determined by this Court to be lawful.

186. Plaintiff further requests appropriate relief requiring Defendant to correct or withdraw identified complaints adjudicated to be materially false, to the extent such relief is legally available.

187. Plaintiff requests permission to provide any resulting judgment or order to TikTok and other relevant platforms to support restoration of content and correction of Plaintiff's account status.

188. Plaintiff also seeks any additional supplemental relief necessary to implement the Court's declarations, consistent with applicable law.

**WHEREFORE**, Plaintiff requests appropriate declaratory and supplemental equitable relief, including a narrowly tailored permanent injunction if warranted by the evidence and applicable law.

## ATTORNEYS' FEES AND COSTS

174. Plaintiff has incurred attorneys' fees and costs in responding to Defendant's trademark infringement accusations and prosecuting this action.

175. Plaintiff contends that Defendant's enforcement activities, including its efforts to prohibit ordinary descriptive use of the phrase "yuck bucket" and its submission of trademark takedown complaints concerning Plaintiff's original content, were objectively unreasonable and undertaken in a manner warranting consideration of an exceptional-case finding under 15 U.S.C. § 1117(a).

176. Plaintiff seeks an award of reasonable attorneys' fees under 15 U.S.C. § 1117(a) if the Court determines that this action constitutes an exceptional case and that the statutory requirements for such an award are satisfied.

177. Plaintiff further requests taxable costs under 28 U.S.C. § 1920 and Federal Rule of Civil Procedure 54(d), to the extent permitted by law.

178. Plaintiff requests no duplicative recovery of any expense or cost.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Sierra Zagarri LLC, doing business as Grandma's Playroom, respectfully requests that the Court enter judgment in its favor and against Defendant as follows:

**A.** Declare that Plaintiff's use of the phrase "yuck bucket" to identify a physical container used to collect dirty, contaminated, or mouthed toys awaiting cleaning or sanitization does not infringe Defendant's asserted trademark rights.

**B.** Declare that Plaintiff's identified use of the phrase "yuck bucket" is descriptive, made otherwise than as a trademark, and made fairly and in good faith, and constitutes descriptive fair use under 15 U.S.C. § 1115(b)(4), to the extent applicable.

**C.** Declare that Plaintiff's identified use of the phrase "yuck bucket," including in its original social media videos depicting its cleaning and sanitization procedures, is not likely to cause confusion, mistake, or deception concerning affiliation, sponsorship, or approval by Defendant.

**D.** Declare that Defendant's federal trademark registration does not confer exclusive rights to prohibit Plaintiff's identified lawful descriptive uses of the phrase "yuck bucket."

**E.** Grant appropriate supplemental relief pursuant to 28 U.S.C. § 2202, including relief identifying the uses and content adjudicated lawful with sufficient specificity to permit Plaintiff to submit the judgment to TikTok and other relevant platforms in connection with requests for restoration of content and correction of account restrictions.

**F.** To the extent authorized by law and supported by the Court's findings, grant narrowly tailored injunctive or other equitable relief preventing Defendant from knowingly submitting materially false trademark infringement complaints concerning Plaintiff's specific uses adjudicated lawful in this action.

**G.** To the extent authorized by law, require Defendant to withdraw or correct identified trademark infringement complaints concerning Plaintiff's adjudicated lawful content.

**H.** Award Plaintiff reasonable attorneys' fees pursuant to 15 U.S.C. § 1117(a), upon a determination that this is an exceptional case and that Plaintiff is otherwise entitled to such an award.

**I.** Award Plaintiff taxable costs pursuant to 28 U.S.C. § 1920 and Federal Rule of Civil Procedure 54(d).

**J.** Grant such other and further relief as the Court deems just and proper.

**JURY DEMAND**

Plaintiff demands trial by jury on all issues so triable as of right.

Respectfully submitted,

**TM Law & Associates, LLC**

By: /s/Kelly M. Spann____________
Kelly M. Spann, MO Bar No. 73954
400 Chesterfield Center
Suite 400
Chesterfield, MO 63017
(314) 469-2610
kms@trademarkatty.com
**Attorneys for Plaintiff**
Sierra Zagarri LLC d/b/a Grandma's Playroom