# Exhibit C

**Kelly Spann**

**From:** Kelly Spann
**Sent:** Friday, June 19, 2026 4:30 PM
**To:** 'Carolyn's Creative Classroom'
**Subject:** RE: FW: Unauthorized Use of Yuck Bucket® Branding and Materials

Carolyn,

Your request for proof of priority is misplaced. The evidence of our client's use is publicly available and readily ascertainable through basic investigation. You are free to conduct your own research, which will confirm that our client has used the mark since at least 2019.

You may also wish to expand your investigation beyond our client. A review of publicly available information will reveal that multiple third parties were using similar terminology before your claimed rights arose. Accordingly, your repeated assertions of exclusive rights appear to be based on an incomplete understanding of the marketplace and the relevant history of use.

Your continued demands appear to assume rights far broader than those afforded under trademark law. Registration does not confer the exclusive right to prevent all third-party use of a term, particularly where others possess superior or prior rights. If you believe litigation is warranted, you are free to retain counsel and have counsel contact our office. However, please be advised that if you continue to assert rights that exceed the actual scope of any protectable interest, our client is prepared to pursue all available remedies, including a petition to cancel your registration.

At this point, our client's position is clear and we do not intend to engage in further informal debate regarding your allegations. Any future communications concerning this matter should be directed through legal counsel. Nothing contained herein shall be construed as an admission of liability, infringement, or the validity, enforceability, or scope of your claimed trademark rights, all of which are expressly denied and reserved.

TM LAW & ASSOCIATES

**KELLY M SPANN**
Attorney at Law
TM Law & Associates, LLC
Phone (314) 469-2610
Email
kms@trademarkatty.com
400 Chesterfield Center
Suite 400
Chesterfield, MO 63017
www.trademarkatty.com

**From:** Carolyn's Creative Classroom <carolynscreativeclassroom@gmail.com>
**Sent:** Friday, June 19, 2026 12:02 PM
**To:** Kelly Spann <kms@trademarkatty.com>
**Subject:** Re: FW: Unauthorized Use of Yuck Bucket® Branding and Materials

Kelly,

On June 4, 2026, you stated that your client has used the term "Yuck Bucket" since at least 2019 and that such use predates my trademark rights.

That same day, I requested the evidence supporting that assertion, including documents, publications, videos, social media posts, sales records, or other materials demonstrating the alleged use and dates of use.

More than two weeks have now passed, and I have not received any response or supporting documentation.

I remain willing to review any evidence your client wishes to provide. I also remain willing to discuss resolution of this matter if your client has reconsidered her position or wishes to submit a counterproposal.

However, absent a response, I intend to forward this matter and the evidence I have collected to litigation counsel on Friday, June 26, 2026, for evaluation of available claims and remedies.

If your client intends to provide evidence supporting the alleged 2019 use, discuss settlement, or submit a counterproposal, please do so before that date.

Sincerely,

Carolyn Hacker
Carolyn's Creative Classroom, LLC

On Thu, Jun 4, 2026 at 11:03 PM Kelly Spann <kms@trademarkatty.com> wrote:

Carolyn,

Please be advised that I have been retained to represent Sierra Zagarri LLC DBA Grandma's Playroom. I am in receipt of your emails regarding the Yuck Bucket® trademark registration and your proposed settlement demand.

After reviewing the facts and discussing the matter with my client, we must respectfully decline your proposal.

Your correspondence is premised on the assumption that your company possesses exclusive rights to the term "Yuck Bucket" and that my client's use constitutes trademark infringement. Neither assumption is correct.

My client has used the term "Yuck Bucket" since at least as early as 2019, predating the May 13, 2020 first-use dates claimed in your federal trademark registration. As such, my client possesses rights that predate your registration and any rights arising therefrom.

Further, your federal registration is limited to downloadable educational materials and printed educational publications in the fields of health, wellness, cleanliness, and personal hygiene. My client's use is entirely different. The term "Yuck Bucket" is used descriptively to identify a bucket or container used to hold dirty, contaminated, or undesirable items. It is not being used as a source identifier for educational materials, books, courses, or related goods covered by your registration.

Moreover, there are numerous third-party uses of the term "Yuck Bucket" throughout the marketplace to describe the same or similar concept. Such widespread descriptive use substantially undermines any claim that consumers exclusively associate the phrase with your company.

Accordingly, we see no likelihood of confusion, no trademark infringement, and no basis whatsoever for your demand for $75,000, any licensing arrangement, any acknowledgment of exclusive ownership rights beyond the scope of your registration, or any cessation of my client's longstanding use.

To be clear, my client will not make any payment, will not enter into a license agreement, and will not discontinue its lawful use of the term.

Should you elect to pursue this matter further, my client is prepared to vigorously defend its position and pursue all available remedies, including a petition to cancel your registration based upon my client's prior rights and any grounds revealed through discovery concerning the procurement and maintenance of the registration.

We believe further discussion of settlement is unnecessary. However, if you possess evidence that my client's use infringes rights beyond those asserted in your emails, we invite you to provide that information for our review.

Otherwise, please consider this matter closed.

Nothing contained herein shall be construed as a waiver of any rights, remedies, claims, or defenses, all of which are expressly reserved.

**KELLY M SPANN**

Attorney at Law

TM Law & Associates, LLC

**Phone** (314) 469-2610

**Email**
kms@trademarkatty.com

400 Chesterfield Center

Suite 400

Chesterfield, MO 63017

www.trademarkatty.com

---

**From:** Sierra Stinebrook <sierrastinebrook@yahoo.com>
**Sent:** Wednesday, June 3, 2026 4:12 PM
**To:** Annette Heller <tmattorneyheller@aol.com>; Kelly Spann <kms@trademarkatty.com>
**Subject:** Fwd: Unauthorized Use of Yuck Bucket® Branding and Materials

Begin forwarded message:

**From:** Carolyn's Creative Classroom <carolynscreativeclassroom@gmail.com>
**Date:** June 3, 2026 at 1:23:24 PM CDT
**To:** Sierra Stinebrook <sierrastinebrook@yahoo.com>
**Subject: Re: Unauthorized Use of Yuck Bucket® Branding and Materials**

Dear Sierra,

I hope you are doing well.

I wanted to follow up regarding my settlement proposal sent on May 26. It has been over a week, and I have not yet received a response.

Please let me know if you are still interested in discussing a resolution of this matter. If you need additional time to review the proposal, or if you are working on a counteroffer, I would appreciate knowing where things stand.

At this point, I need to determine how I will proceed in protecting my intellectual property rights, including my Yuck Bucket® trademark and copyright. Before making any decisions regarding further enforcement efforts, I wanted to give you an opportunity to update me on your intentions.

I would appreciate a response by Friday, June 5th, 2026 so I can evaluate my next steps accordingly.

Thank you for your time, and I look forward to hearing from you.

Sincerely,

Carolyn Hacker
Carolyn's Creative Classroom, LLC
Owner of the Yuck Bucket® Trademark

On Tue, May 26, 2026 at 6:41 PM Carolyn's Creative Classroom <carolynscreativeclassroom@gmail.com> wrote:

> Dear Sierra,
>
> Thank you for being willing to discuss resolution of this matter professionally.
>
> As discussed, Carolyn's Creative Classroom, LLC is the owner of the federally registered Yuck Bucket® trademark. My registration predates the use of "Yuck Bucket" within your video content and related social media materials. Over time, the mark has been used extensively across monetized content on YouTube, TikTok, Facebook, Instagram, and related platforms, including use within titles, hashtags, captions, and branded classroom materials.
>
> I appreciate your willingness to work toward an amicable resolution rather than pursue litigation. My goal is not simply to remove content, but to protect the Yuck Bucket® brand while also exploring a mutually beneficial path forward.

Based upon the scope of the unauthorized commercial use, monetized content, and the substantial reach of the videos involved, I am proposing a settlement and licensing structure consisting of the following:

1. Settlement Payment
   A total settlement payment of $75,000 to resolve prior unauthorized use of the Yuck Bucket® trademark and related branded materials. I am open to discussing a structured payment arrangement consisting of an initial lump sum payment followed by agreed installment payments over time.
2. Existing Video Content
   Rather than requiring removal of existing videos, I am willing to allow certain videos to remain active provided they are updated to accurately reflect authentic Yuck Bucket® products, branding, and materials approved by Carolyn's Creative Classroom, LLC.
3. Future Licensed Collaboration
   I am open to entering into a formal licensing and affiliate partnership allowing continued authorized use of Yuck Bucket® products and branding moving forward. This could include:

- use of official Yuck Bucket® books, stickers, and materials supplied by my company,
- affiliate or revenue-sharing opportunities,
- approved collaborative content,
- and future sponsored or promotional partnerships.

4. Trademark Ownership and Quality Control
   Any future use of the Yuck Bucket® mark would require acknowledgment that Carolyn's Creative Classroom, LLC is the sole owner of the Yuck Bucket® trademark, along with mutually agreed quality-control and branding guidelines.

I believe this approach allows both parties to avoid costly litigation while preserving the value of the content already created and creating an opportunity for a positive future business relationship.

Please let me know if you would like to continue discussions toward a formal written agreement.

Sincerely,

Carolyn Hacker
Carolyn's Creative Classroom, LLC

On Wed, May 20, 2026 at 1:47 PM Sierra Stinebrook <sierrastinebrook@yahoo.com> wrote:

> Hello Carolyn,

Thank you so much for your email.

The phrase "yuck bucket" has only been used within our facility as a descriptive term for a container used to place soiled or dirty toys that need to be cleaned. It was never intended to function as branding, product marketing, or an attempt to associate with Carolyn's Creative Classroom or the Yuck Bucket® educational materials.

That said, we understand your concerns and are reviewing our current usage and online content to avoid any potential confusion going forward. We appreciate your reaching out directly and hope to resolve this matter professionally and amicably.

Thank you,

Sierra

On May 18, 2026, at 9:07 AM, Carolyn's Creative Classroom <carolynscreativeclassroom@gmail.com> wrote:

Dear Sierra Zagarri (Grandma's Playroom),

I hope this message finds you well. My name is Carolyn Hacker, owner of Carolyn's Creative Classroom, LLC and creator of the original Yuck Bucket® behavior management system.

I am reaching out regarding the ongoing use of the Yuck Bucket® name and related materials appearing within your center and across social media platforms, including TikTok, Instagram, Facebook, and other online content associated with Grandma's Playroom.

Yuck Bucket® is a federally registered trademark owned by Carolyn's Creative Classroom, LLC, and associated books, labels, graphics, educational materials, and related content are protected intellectual property. Since 2020, the Yuck Bucket® brand has been commercially sold, publicly promoted, and continuously protected through ongoing trademark enforcement and intellectual property monitoring efforts.

It has come to my attention that the Yuck Bucket® name has been used extensively in connection with your business branding, social media content, promotional materials, and viral video content over an extended period of time. Based on publicly available content, the Yuck Bucket® name appears repeatedly throughout your online platforms and has become associated with your business identity and audience engagement.

Unauthorized commercial or promotional use of the Yuck Bucket® name and related branded materials may create marketplace confusion and may constitute trademark infringement and related intellectual property violations.

Before pursuing formal enforcement options, I wanted to provide an opportunity to resolve this matter professionally and cooperatively.

To resolve this matter, I would request:
• Immediate discontinuation of unauthorized use of the Yuck Bucket® name and related materials
• Removal or modification of existing online content, promotional materials, and social media branding utilizing the Yuck Bucket® name
• Discontinuation of independently created Yuck Bucket labels/materials currently in use
• Agreement to refrain from future unauthorized use of the Yuck Bucket® trademark

Due to the extensive and ongoing nature of the use, including the apparent business and promotional benefit received through repeated use of the Yuck Bucket® name across social media platforms, I am also seeking to discuss a financial settlement to resolve past unauthorized use without the need for formal legal proceedings.

I remain open to resolving this matter amicably and would prefer to avoid escalation if possible.

Please respond within five (3) business days with one of the following:

1. Confirmation that the unauthorized use will cease and content will be removed or rebranded. I am interested in discussing a settlement and resolution agreement.

2. A request to discuss the matter further

If I do not receive a response, I will evaluate additional enforcement options available to protect my intellectual property rights.

Thank you for your time and attention. I hope we can resolve this matter professionally and efficiently.

Sincerely,

Carolyn Hacker
Owner, Carolyn's Creative Classroom, LLC
Creator of Yuck Bucket®

**EXHIBIT INDEX**

**Exhibit A:** United States Trademark Registration No. 6,770,397 for YUCK BUCKET.

**Exhibit B:** Fourteen (14) examples of third-party descriptive use of "yuck bucket" to identify physical containers used for dirty, contaminated, or otherwise undesirable items.

**Exhibit C:** Defendant's $75,000 demand, related infringement allegations, and relevant correspondence between the parties.

**Exhibit D:** TikTok copyright infringement notices, account strikes, and documentation establishing removal of at least one of Plaintiff's original videos.

**Exhibit E:** Screenshot of Defendant's public Facebook post concerning its claimed ownership of YUCK BUCKET and intentions regarding further enforcement.

## Kelly Spann

**From:** Kelly Spann
**Sent:** Monday, August 24, 2026 11:04 AM
**To:** carolynscreativeclassroom@gmail.com
**Cc:** TM Law & Associates; Annette Heller; Jake Feise
**Subject:** FINAL NOTICE – Improper Copyright Complaints to TikTok

Carolyn,

I have now reviewed the notices issued by TikTok as a result of the complaints you submitted concerning my client's use of "Yuck Bucket." TikTok expressly identifies these reports as copyright violations and identifies you, Carolyn M. Hacker, as the claimant. That raises an issue separate and apart from the trademark dispute addressed in our prior correspondence.

Your communications to my office have been based upon your claimed trademark rights in YUCK BUCKET. Your federal registration is a trademark registration covering specified downloadable educational course materials in International Class 009 and educational publications in International Class 016. It claims a first-use date of May 13, 2020.

A trademark registration is not a copyright registration, and it does not give you copyright ownership of the words "Yuck Bucket."

My client's reported TikTok content is her own content concerning her own business and her own "yuck bucket"—a physical bucket/container used at her children's play facility for dirty, contaminated, mouthed, or otherwise "yucky" toys and items awaiting cleaning. To our knowledge, the videos do not reproduce any educational materials, publications, photographs, artwork, videos, or other copyrighted work belonging to you. If you contend otherwise, identify immediately the specific copyrighted work that you claim my client's video infringes, your basis for claiming copyright ownership of that work, and the specific portion of my client's content that you contend constitutes unauthorized copying.

If, as appears to be the case, you are submitting copyright complaints based upon your claimed trademark rights in the words "Yuck Bucket," you must immediately cease doing so and withdraw every such complaint that is capable of withdrawal. You have already been advised that my client disputes your trademark allegations, that her use predates the May 13, 2020 first-use date claimed in your registration, and that her descriptive use for a physical container is materially different from the educational goods identified in your registration. You previously threatened to retain litigation counsel. You were expressly invited to do so and instructed to have counsel contact my office. You have not filed an action establishing infringement or obtained any order prohibiting my client's use. Instead, you have now submitted repeated copyright complaints that are causing TikTok to issue strikes against my client and have placed her entire account at risk of being banned.

You are now on express notice that these reports are causing actual harm to my client's business.

Accordingly, this is your **final warning**. You must immediately:

1. Cease submitting copyright complaints, trademark complaints, or other intellectual-property reports concerning my client's lawful use of "Yuck Bucket";
2. Withdraw all existing copyright complaints and other reports that are capable of withdrawal; and
3. Confirm in writing by **Wednesday August 26th** that you have done so.

If you continue this conduct after receiving this notice, my client is prepared to proceed affirmatively to protect her rights. This includes pursuing cancellation of your trademark registration and evaluating all available claims and remedies arising from your submissions to TikTok, interference with my client's business and business relationships, and the damages resulting from your conduct. Any damages resulting from suspension or termination of my client's TikTok account, removal of content, loss of followers, lost reach, lost revenue, reputational harm, or other business injury will be documented and preserved.

My client further reserves the right to publicly respond to this matter and correct the record concerning her prior use, the actual scope of your trademark registration, the nature of her use, and the complaints that have been submitted against her business.

You are instructed to preserve all evidence relating to every report you have submitted to TikTok or any other platform concerning my client, Grandma's Playroom, Sierra Zagarri LLC, or "Yuck Bucket," including the complete contents of each report, the category under which it was submitted, any copyrighted work you identified, any copyright registration or ownership information you supplied, all certifications or representations made as part of the reporting process, supporting documentation, and all communications with TikTok or any other platform.

If there is a legitimate copyrighted work that you contend my client copied, identify it now. Otherwise, withdraw the copyright complaints and cease using the copyright-reporting process to pursue your disputed trademark allegations.

This is the final informal notice you will receive concerning this conduct.

Nothing herein waives any of my client's claims, rights, remedies, defenses, or objections, all of which are expressly reserved.

TM LAW & ASSOCIATES

**KELLY M SPANN**
Attorney at Law
TM Law & Associates, LLC
**Phone** (314) 469-2610
**Email**
kms@trademarkatty.com
400 Chesterfield Center
Suite 400
Chesterfield, MO 63017
www.trademarkatty.com